UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | | |
|---|---|---|
| BRIAN KELLEY WHIPPLE<br><br>     Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA ,<br><br>     Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO.: 07-105-S-EJL<br>CRIMINAL NO: 05-196-S-EJL<br><br>**MEMORANDUM ORDER** |

Pending before the Court in the above-entitled matter is Petitioner Brian Kelly Whipple's Petition for Writ of Habeas Corpus, Jus Legitium, Jus Quaesitmum Pursuant to 28 U.S.C. § 2241 filed on March 2, 2007.  In the Petition, Petitioner claims the motion is not a 28 U.S.C. § 2255 motion, but a motion pursuant to 28 U.S.C. § 2241.

Factual Background

Petitioner waived his right to an indictment and pled guilty to a single count information charging possession of sexually explicit material depicting minors in interstate commerce in violation of 18 U.S.C. 225(a)(4)(B).  This Court had jurisdiction over the criminal charges as the alleged actions occurred within the District of Idaho.  18 U.S.C. §§ 3231 and 3237.  The Court sentenced the Petitioner to 70 months imprisonment, 8 years supervised release and a $100 special assessment on February 14, 2006.  The Judgment was entered on February 16, 2006 (Docket No. 19 in United States v. Whipple, criminal case no.

**MEMORANDUM ORDER**

1

05-196-S-EJL). No appeal was filed by Petitioner. Petitioner filed this writ of habeas corpus on March 2, 2007 challenging the jurisdiction of the Court to hear the criminal case. The Court notes a second writ of habeas was filed in a separate civil action on September 26, 2007. See In Re Whipple, civil case no. 07-105-S-EJL. Petitioner is serving his federal sentence at the Federal Correctional Institution in Safford, Arizona.

Nature of Motion

To the extent that the Petition could be deemed a petition for habeas relief pursuant to 28 U.S.C. § 2241, the Court lacks jurisdiction to hear such motion. Petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court. See e.g., Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). Since Petitioner is incarcerated in Arizona and not Idaho, this Court is not the custodial court. Moreover Petitioner's claims in the petition do not challenge the manner, location, or condition of execution of petitioner's sentence.

Finally, Petitioner has not shown that his remedy, under a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 was inadequate or ineffective to test the legality of his detention. A federal prisoner authorized to seek relief under section 2255 may not petition for habeas corpus relief pursuant to section 2241 "if it appears the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.

The Ninth Circuit has not defined when a motion is inadequate or ineffective, but has

**MEMORANDUM ORDER**

stated that finding a motion inadequate or ineffective is a narrow exception.  United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (district court's delay in considering a section 2255 motion until direct appeals are resolved does not make the section 2255 motion inadequate or ineffective ).  See Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir.2000) (stating general rule that the unavailability of a second or successive petition does not itself make section 2255 inadequate or ineffective).

Since the Petitioner expressly stated his motion that such motion was not pursuant to 28 U.S.C. § 2255, the Court must deny the § 2241 petition.  However, a review of the petition is undertaken with an eye on Ninth Circuit standards regarding pro se litigants (See Tucker v. Carlson, 925 F.2d 330 (9th Cir. 1991)), and construing the plaintiff's pleadings in the most favorable light, the Court deems the pleadings to be a 28 U.S.C. § 2255 motion. Since this determination is against the express desires of the petitioner who is proceeding *pro se*, the Court will allow the Petitioner fourteen (14) days from the date of this order to notify the Court if he wants his motion to be considered by the Court as a § 2255 motion.

The Court notes that it is arguable whether the motion would be deemed timely filed. Pursuant to the amendment of 28 U.S.C. § 2255 in 1996 as part of the Anti-Terrorism and Effective Death Penalty Act, there is now a one (1) year limitation on the filing of a § 2255 motion.  Section 2255 states in part:

> A 1-year period of limitations shall apply to a motion under this section.  The limitation period shall run from the latest of --
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**MEMORANDUM ORDER**

      (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The question in this case is what is the date on which Petitioner's judgment of conviction became final because his time for filing an appeal had passed. See United States v. Colvin, 204 F.3d 1221 (9th Cir. 2000). The judgment was entered on the criminal case docket on February 16, 2006. The Ninth Circuit has ruled in United States v. Garcia, 210 F.3d 1058 (9th Cir. 2000) that a petitioner who does not file for a writ of certiorari after his/her direct appeal, has one year from the date on which the time for filing a certiorari petition expired to file a timely § 2255 motion. This deadline calculation was confirmed by the Supreme Court in Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072 (2003) ("a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). Applying these cases by analogy to a situation where defendant had the right to file a direct appeal within 10 days of his judgment being entered, the Petitioner needed to file his § 2255 motion in this case within one year and 10 days of the date the judgment was entered (not counting weekends and holidays pursuant to Fed. R. Civ. P. 6), so it is arguable that the motion was timely filed as a § 2255 on March 2, 2007.

  If the Petitioner gives notice to the Court that he wants the motion deemed a § 2255 motion, the Government is ordered to file a response to the motion within thirty (30) days of the Petitioner's notice being filed and Petitioner would have thirty (30) days after the Government's response brief is filed to file a reply brief.

**MEMORANDUM ORDER**

The Clerk of Court is also directed to serve this Order and the Petition on the United States Attorney for the District of Idaho.

So ordered.

DATED: **October 29, 2007**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER**